IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00223 DAE |
| | ) | CV. NO. 12-00062 DAE-BMK |
| Plaintiff-Respondent. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID OPOLLO ROSS, (01) | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00223 DAE |
| | ) | CV. NO. 12-00086 DAE-BMK |
| Plaintiff-Respondent. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEI LAVARIAS ROSS, (02) | ) | |
| a.k.a. "Lei L. Lavarias" | ) | |
| a.k.a. "Lei Lopez", | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

ORDER: (1) CONSOLIDATING CASES; (2) FINDING LIMITED
WAIVER OF ATTORNEY-CLIENT PRIVILEGE; AND (3) EXTENDING TIME
IN WHICH THE GOVERNMENT MAY RESPOND TO
<u>PETITIONER DAVID ROSS'S § 2255 MOTION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After considering the Government's Motion, the

Court GRANTS the Motion to: (1) consolidate cases; (2) find attorney-client

privilege waiver; and (3) extend time in which the Government may respond to Petitioner David Ross's § 2255 Motion. (Doc. # 314.)

## BACKGROUND

On February 16, 2010, a jury found Petitioners David Ross and Lei Ross (collectively, "Petitioners") guilty of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and five counts of tax evasion in violation of 26 U.S.C. § 7201. (Doc. # 201.) On July 12, 2010, the Court sentenced Petitioner David Ross to 45 months imprisonment and Lei Ross to 18 months imprisonment, with each term to be followed by 3 years of supervised release. (Doc. # 246, 247.)

Petitioners appealed their convictions and sentences. (Doc. # 256, 267.) On July 11, 2011, the United States Court of Appeals for the Ninth Circuit affirmed Petitioners' convictions and sentences. (Doc. # 305.)

On January 26, 2012, David Ross filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. David Ross alleges his trial counsel, Alan Richey, Esq., provided ineffective assistance in a variety of respects. On February 9, 2012, Lei Ross also filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Petitioners assert grounds that Alan Richey had an actual conflict of interest that prevented "critical, exculpatory, and

admissible evidence from being presented to the jury." (Doc. # 307 at 5; Doc. # 311 at 5.) David Ross claims that this conflict of interest deprived him of his Sixth Amendment right to effective counsel, and Lei Ross claims that this conflict deprived her of her right to a fair trial and effective assistance of counsel. (Doc. # 307 at 5; Doc. # 311 at 5.) In addition, Lei Ross claims that her attorney at trial, Michael Green, Esq., was also ineffective by not asking for a severance mid-trial, when the conflict became apparent. (Doc. # 311 at 5.)

On March 6, 2012, the Government filed the instant Motion seeking: (1) to consolidate Petitioners' § 2255 cases; (2) an order finding a limited waiver of attorney-client privilege; and (3) to extend the time in which the Government may file a response to David Ross's § 2255 motion. (Doc. # 314.)

## DISCUSSION

I. Consolidation

A court may order consolidation if the actions "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). Under Rule 42(a), a court has broad discretion to consolidate cases pending in that district. See Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal., 877 F.2d 777 (9th Cir. 1989). Such discretion, however, is not unfettered. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). The court should weigh the time and

effort that consolidation would save against any inconvenience, delay, or expense it would cause.  See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

Here, Petitioners' motions involve a common legal and factual question, that is, whether David Ross's counsel had an actual conflict of interest that resulted in critical evidence being kept from the jury in Petitioners' joint trial. Additionally, requiring separate proceedings for these motions would result in duplication of efforts.  Therefore, the Court orders the consolidation of Petitioners' § 2255 cases.

II.     Waiver Request

The Government represents that it must interview Petitioners' counsel in order to investigate Petitioners' contentions of ineffective assistance of counsel. (Doc. # 314-1 ¶ 6–8.)   The Government requests that the Court find that Petitioners waived the attorney-client privilege as to all communications with Alan Richey, David Ross's lawyer, and Michael Green, Lei Ross's lawyer, as to the matters raised in their § 2255 motions.  (Id. ¶ 8.)

Indeed, "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).   The purpose

4

of this rule is to prevent a party "from using the privilege as both a shield and a sword." Id. at 719; see also Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." Bittaker, 331 F.3d at 719.

The waiver, however, is subject to limitations. The Court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. at 720. The Court, therefore, must "closely tailor[] the scope of the waiver to the needs of the opposing party in litigating the claim in question." Id. Moreover, the "holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721. "Finally, if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims." Id.

In determining whether counsel provided ineffective assistance, a court judges the reasonableness of the counsel's conduct in light of all of the

5

circumstances. Strickland v. Washington, 446 U.S. 668, 690 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Because of the difficulties in making such a determination, a court's "scrutiny of counsel's performance must be highly deferential" to counsel; "that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); see also United States v. Austin, 817 F.2d 1352, 1354 (9th Cir. 1987) (finding a strong presumption that an attorney provided effective assistance). Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

As noted above, David Ross asserts in his § 2255 motion that his trial counsel, Alan Richey, "had an actual conflict of interest that prevented material, exculpatory, and admissible evidence from being presented to the jury, thereby depriving [David Ross] of his Sixth Amendment right to effective counsel." (Doc. # 307 at 5.) Lei Ross also asserts in her § 2255 motion that "Alan Richey had an actual conflict of interest which adversely affected his performance at trial by

6

preventing critical, exculpatory, and admissible evidence from being represented to the jury[.]" (Doc. # 311 at 5.) Additionally, Lei Ross asserts that her trial counsel, Michael Green, was ineffective when he failed to sever the trial from David Ross "when the conflict became apparent." (Id.) There could be strategic reasons or justifications for these allegations which would be permissible pursuant to Strickland. In order to respond to Petitioners' allegations of ineffective assistance of counsel, the Government is entitled to discuss with Petitioners' attorneys the reasons, if any, behind the decisions of which Petitioner now complains.

In sum, to properly evaluate Petitioners' ineffective assistance of counsel claims, the Court must determine whether their attorneys' assistance was reasonable in light of all the circumstances. Strickland, 466 U.S. at 691. Accordingly, Petitioners have placed their attorney-client relationships at issue in these proceedings. The Court therefore finds that Petitioners have waived their attorney-client privilege and **GRANTS** the Government's request for an order finding limited waiver. The Court, however, limits the scope of the waiver to information necessary for resolution of the Petitioners' § 2255 motions.

III. Extension of Time

The Government represents that, in order to respond to the present motion, the Government must review trial transcripts, and interview Lei Lavarias

Ross's and David Ross's former attorneys, Alan Richey and Michael Green. The Government has asked that the March 8, 2012 deadline for a response to the David Ross motion be extended to March 27, 2012. The Court finds this request is reasonable, and **GRANTS** the Government's request. The Court hereby orders that the Government may have until March 27, 2012, in which to file its response to the motions that have been filed by David and Lei Ross.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, March 9, 2012.



                          David Alan Ezra
                          United States District Judge

<u>United States of America vs David Opollo Ross</u>, CR. NO. 08-00223 DAE; Civil No. 12-00062 DAE-BMK; <u>United States of America vs. Lei Lavarias Ross</u>, CR. No. 08-00223 DAE, Civil No. 12-00086 DAE-BMK; ORDER (1) CONSOLIDATING CASES; (2) FINDING LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE; AND (3) EXTENDING TIME IN WHICH THE GOVERNMENT MAY RESPOND TO PETITIONER DAVID ROSS'S § 2255 MOTION