FILED

JUN 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17485 |
| Plaintiff - Appellee, | D.C. Nos.  1:12-cv-00062-DAE-BMK |
| v. | 1:08-cr-00223-DAE-1 |
| DAVID OPOLLO ROSS, | |
| Defendant - Appellant. | MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17486 |
| Plaintiff - Appellee, | D.C. Nos.  1:12-cv-00086-DAE-KSC |
| v. | 1:08-cr-00223-DAE-2 |
| LEI LAVARIAS ROSS, AKA Lei L Lavarias, AKA Lei Lopez, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 11, 2014

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

David and Lei Ross appeal the district court's denial of their 28 U.S.C. § 2255 motions attacking their convictions for tax evasion and conspiracy to defraud the United States. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

David Ross contends that his attorney, Alan Richey, had an actual conflict of interest because he was a necessary witness for their defense, and otherwise provided ineffective assistance of counsel. The district court granted a certificate of appealability on the actual conflict argument, but denied a certificate of appealability on three other ineffective assistance claims.

1. The district court concluded after a two-day evidentiary hearing that Richey did not have an actual conflict, as he never advised the Rosses to undertake illegal activity, and because his testimony would not have supported the defense and would have likely aided the prosecution. Those factual findings were not clearly erroneous. *United States v. Aguirre–Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

2. Because the Rosses failed to make "a substantial showing of the denial of a constitutional right" on their other ineffective assistance claims, we decline to

address the issues not covered by the certificate of appealability.    28 U.S.C.

§ 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

**AFFIRMED.**